UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL FONTENOT                                    CIVIL ACTION

VERSUS                                             NO: 25-2394

CORRECTHEALTH ST. TAMMANY,                         SECTION: "A" (4)
LLC, ET AL.

**ORDER AND REASONS**

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 3)** filed

by the defendants, CorrectHealth St. Tammany, RN Michelle Coyne, RN Brittney

Boihem, LPN Kayla Watkins, LPN Brenda Albarado, LPN Nicole Coleman, NP Kenneth

Pitcher, and Dr. Samuel Gore. The plaintiff, Daniel Fontenot, opposes the motion. The

motion, submitted for consideration on March 18, 2026, is before the Court on the briefs

without oral argument.

This action is brought against the defendants pursuant to 42 U.S.C. § 1983. On

September 1, 2024, the plaintiff, Daniel Fontenot, was arrested and transported to the

St. Tammany Parish Jail. At the time of his arrest, Fontenot provided the arresting

officer a bag containing all of his required daily medications, which included a container

of prescription Xanax pills. (Rec. Doc. 1, Complaint ¶ 6). Fontenot alleges that at the

initial medical screening he informed the jail's medical staff that he had been prescribed

Xanax for the last 20 years for anxiety, that he was supposed to take the drug three

times a day, and that the failure to do so could result in severe withdrawal symptoms,

including seizures and death. (Complaint ¶ 9). Fontenot alleges several subsequent encounters with the jail's medical staff (certain of the individual defendants) over the next two days wherein he specifically advised them that he had not been provided his prescription Xanax. By day three Fontenot was feeling sick and he knew that he was suffering from withdrawal but when he advised the medical staff he was ignored. (*Id.* ¶ 17). On September 3, 2024, approximately 60 hours after his arrest and incarceration, Fontenot suffered a seizure while in the shower where he fell injuring his entire body, but specifically hitting his head resulting in a concussion and laceration to his scalp requiring seven staples. (*Id.* ¶¶ 19, 24). Fontenot was transported to the hospital in an ambulance where he suffered a second seizure. (*Id.* ¶ 20). After he arrived at the hospital Fontenot had a third seizure. (*Id.* 21). Fontenot remained hospitalized in the ICU through September 5, 2024. (*Id.* ¶ 22). Fontenot alleges that the seizures (and the resulting physical injuries) were the result of his cold-turkey withdrawal from his prescription Xanax medication, a factual allegation that the Court accepts as true.

It is Fontenot's position that the failure to provide him with his prescription Xanax, or at the very least to avoid abruptly stopping the medication, was the result of deliberate indifference to his medical needs in violation of his Fourteenth Amendment rights. Vis à vis CorrectHealth, Fontenot alleges that the facility had a policy in place to refuse to provide inmates with Xanax and/or benzodiazepine even if it was medically necessary, and to refuse to provide a course of treatment for Xanax/benzodiazepine withdrawal, instead forcing inmates to go "cold turkey." (*Id.* ¶ 33).

Via the instant motion, all Defendants move for dismissal arguing that Fontenot's complaint is nothing more than a collection of legal conclusions, unsupported by evidence or specificity.

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

In the context of a Rule 12(b)(6) motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Thread-bare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

At the outset, Fontenot's factual allegations undisputedly state a claim for deliberate indifference to his serious medical needs. And Fontenot alleges a policy sufficient to support his *Monell* claim against CorrectHealth.[1]

What Fontenot understandably cannot allege with specificity, and what the individual defendants therefore grasp upon, is the level of involvement that each of the named defendants had in the failure to properly address from a medical standpoint the withholding of his Xanax medication. Fontenot was an inmate. Fontenot left the jail in a state of medical emergency. He only has firsthand knowledge of whom he told (and he alleges that he did so several times) about the medication that he needed but he has no way of knowing how far up the chain of medical authority that information went only to be ignored. Someone in that chain of authority or several someones were aware of the facts and refused to act. Under § 1983 individual defendants are only liable for their own acts not those of other actors but in this case discovery will be necessary to determine which of the individual defendants are potentially culpable for Fontenot's injuries.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 3)** filed by the

---

[1] *Monell v. N.Y. City Dep't Soc. Servs.*, 436 U.S. 658 (1978). Well-established law holds that governmental entities are not susceptible to vicarious liability for the acts of their employees. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 658). It is only when the execution of the entity's policy or custom causes the constitutional violation that the municipality may be liable under § 1983. *Id.* (citing *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting)).

defendants, CorrectHealth St. Tammany, RN Michelle Coyne, RN Brittney Boihem, LPN Kayla Watkins, LPN Brenda Albarado, LPN Nicole Coleman, NP Kenneth Pitcher, and Dr. Samuel Gore, is **DENIED**.

March 25, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE